IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY X. JACKSON,                                    No. CIV S-06-0581-LKK-CMK-P

      Plaintiff,

  vs.                                                                   ORDER

JEANNE WOODFORD, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

      Plaintiff names the following as defendants: Jeanne Woodford, N. Grannis, B. Sullivan, Michael Fox, C. Hirschler, Reneee Rodriguez, and T. Barbeiro.[1] Plaintiff states that he

---

[1] The court's docket indicates that the California Department of Corrections and Rehabilitation and California State Prison – Corcoran are also defendants to this action. A review of the complaint, however, shows that neither of these entities was actually named as a defendant. The Clerk of the Court will, therefore, be directed to terminate these parties as defendants to this action.

was admitted to the hospital on June 30, 2005, for problems with his right ankle where he was administered intravenous antibiotics. Upon his return to prison on July 5, 2005, plaintiff states that he was examined by prison medical staff, who reviewed his discharge orders from the hospital and prescribed continuing antibiotic medication for ten days. Notwithstanding the foregoing, plaintiff states that he complained to prison staff that he was not receiving his prescribed medication. His complaints were in the form of inmate grievances.

Plaintiff alleges that, on or about September 1, 2005, after not receiving any responses to his grievances, he was called for a medical interview by defendant Rodriguez, who plaintiff states is an appeals coordinator and not a licensed medical professional. Plaintiff asserts that, during this interview, he was never seen by a medical doctor or nurse concerning his complaint about not receiving prescribed medication. Plaintiff states that defendant Rodriguez' response was to tell plaintiff that only medical personnel can prescribe medication for inmates. Plaintiff claims that defendant Rodriguez ignored the doctor's discharge orders from the hospital despite his presenting those orders to her. After being denied his medication, plaintiff filed a further inmate grievance to appeal defendant Rodriguez' decision. Plaintiff states that, on further appeal review by prison officials, defendant Rodriguez' decision was approved by defendants Fox and Hirschler.

Plaintiff further alleges that, on September 12, 2005 – while his appeal of defendant Rodriguez' decision was still pending, he was seen by a prison doctor for a routine physical. Plaintiff states that, during this examination, he informed the prison doctor about his right ankle condition and discharge orders for continued antibiotic medication. Plaintiff also states that, on September 15, 2005, he was examined by another prison doctor incident to his inmate appeal. Plaintiff states that this doctor recognized the discharge orders from the hospital and granted his appeal for prescription medication. Plaintiff claims that, nonetheless, defendants Fox and Hirschler continued to deny him access to antibiotic medication.

///

According to plaintiff, it was at this time that he appealed further to defendant Woodford concerning the situation. Plaintiff claims that defendant Woodford – through defendants Grannis and Barbiero – denied his appeal for medication.

Finally, plaintiff states that, upon his transfer to another prison on September 21, 2005, he explained his need for prescription medication to staff at that prison. Plaintiff alleges that he was still denied medication until October 6, 2005, when he was examined by a doctor and finally prescribed antibiotics.

Plaintiff asserts that defendants were deliberately indifferent with respect to his need for prescription antibiotics. Plaintiff seeks monetary damages.

The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendant(s):

   WOODFORD,

   GRANNIS,

   SULLIVAN,

   FOX,

   HIRSCHLER,

   RODRIGUEZ, and

   BARBIERO;

///

        2.       The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint (Doc. 1); and

        3.       Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a.       The completed Notice of Submission of Documents;

        b.       One completed summons;

        c.       Seven completed USM-285 form(s); and

        d.       Eight copies of the endorsed complaint.

DATED: September 5, 2006.

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

ANTHONY X. JACKSON,                    No. CIV S-06-0581-LKK-CMK-P
      Plaintiff,
  vs.
JEANNE WOODFORD, et al.,
      Defendants.
                              /

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order:

      __1__      completed summons form;
      ____      completed USM-285 form(s); and
      ____      copies of the complaint.

DATED: _____          _____
                                                            Plaintiff