IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY X. JACKSON,                          No. CIV S-06-0581-LKK-CMK-P

       Plaintiff,

   vs.                                                           FINDINGS AND RECOMMENDATIONS

JEANNE WOODFORD, et al.,

       Defendants.

                                   /

          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On September 7, 2006, the court determined that plaintiff's complaint was appropriate for service and directed plaintiff to submit documents for service by the United States Marshal within 30 days.  Plaintiff was warned that failure to submit the required documents may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  To date, plaintiff has not complied.

          The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

1  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
2  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
3  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
4  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
5  comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
6  1260-61 (9th Cir. 1992).

In addition, a recent court order was served on plaintiff's address of record and returned by the postal service.  It thus appears that plaintiff has failed to comply with Local Rule 83-182(f), which requires that a party appearing pro se inform the court of any address change.

Having considered these factors, and in light of plaintiff's failure to submit service documents as directed, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 27, 2006.

*[signature: Craig M. Kellison]*

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE